[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11960

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSHUA HUNTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:08-cr-00053-TFM-M-2

_____

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Joshua Hunter appeals the above-guidelines 48-month sentence imposed -- pursuant to 18 U.S.C. § 3583(e)(3) -- upon the second revocation of his supervised release.[1]  Hunter challenges the substantive reasonableness of his sentence.  No reversible error has been shown; we affirm.

In 2008, Hunter pleaded guilty to carjacking and to possessing a firearm during a crime of violence: violations of 18 U.S.C. §§ 2119 and 924(c).  Hunter was sentenced to a total of 161 months' imprisonment followed by 5 years' supervised release.

Hunter completed his custodial sentence and began his 5-year term of supervised release in August 2019.  In October 2020, the district court revoked Hunter's supervised release and sentenced Hunter to 13 months in prison followed by 47 months of supervised release.

Hunter began his second term of supervised release in September 2021.  In May 2022, a probation officer petitioned the district court to revoke Hunter's supervised release for a second time. The probation officer alleged that Hunter had violated the conditions of his supervised release in two ways: (1) by committing new state crimes (trespass and attempt to introduce contraband into a

---

[1] Hunter does not challenge the revocation of his supervised release.

prison facility); and (2) by failing to notify his probation officer within 72 hours of being arrested.

The petition set forth the circumstances underlying Hunter's newly-charged state offenses.[2]   In the early morning hours on 8 April 2022, officers responded to a call about a trespasser on state property near an Alabama prison facility.  Officers discovered a black duffel bag containing a drone battery and several sealed packages containing "37 touchscreen cell phones, 44 (USB) charging cords, 28 charging blocks, 71 sim cards, 29 push pins, 20 sticky notes containing phone numbers, pin numbers and account numbers, two (2) gold necklaces, one (1) pair of eyeglasses, 214 grams of white pills and 60 grams of brown pills (believed to be supplement pills)."  The packages had zip ties taped to them in a way that led officers to believe that the trespasser intended to deliver the packages by drone into the prison yard.

After discovering the duffel bag, officers used police dogs to track the trespasser.  Officers located Hunter and arrested him without incident.  Officers later located a drone near the area where Hunter had been found.

At the final revocation hearing, the district court revoked Hunter's supervised release.  The district court then considered the parties' submissions, the advisory guidelines range (18 to 24 months), and the 18 U.S.C. § 3553(a) factors.  The district court

---

[2] Never has Hunter disputed the factual allegations underlying his state charges.

acknowledged -- but noted that it was not bound by -- the parties' joint recommended sentence of 24 months. At the end of the hearing, the district court concluded that an above-guidelines sentence of 48 months' imprisonment with no additional term of supervised release was appropriate.

We review a sentence imposed upon revocation of supervised release for reasonableness in the light of the totality of the circumstances and the section 3553(a) factors. *See United States v. Trailer*, 827 F.3d 933, 935-36 (11th Cir 2016). We evaluate the substantive reasonableness of a sentence -- whether one inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). "The party challenging the sentence bears the burden of showing that it is unreasonable." *Trailer*, 827 F.3d at 936.

In imposing a sentence upon revocation of supervised release, the district court must consider (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the need for the sentence to deter criminal conduct and to protect the public, (4) the need to provide the defendant with education training or medical care, (5) the advisory guidelines range, (6) the policy statements of the Sentencing Commission, (7) the need to avoid sentencing disparities, and (8) the need to provide restitution to victims. *See* 18 U.S.C. §§ 3553(a), 3583(e). We will disturb a sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [sentencing] factors by arriving at a sentence

that lies outside the range of reasonable sentences dictated by the facts of the case." *See Trailer*, 827 F.3d at 936 (quotation omitted).

Hunter has failed to demonstrate that his above-guidelines sentence substantively was unreasonable. The record reflects that Hunter has a lengthy criminal history. Hunter also committed the instant supervised-release violations less than 7 months after his most recent release from custody and after already serving an additional 13-month sentence upon the revocation of his first term of supervised release in this case. At the revocation hearing, the district court described Hunter's criminal history as demonstrating a willful disregard for the law and a "disregard for any sense of authority and any sense of compliance" with societal rules.

The district court gave little weight to Hunter's arguments about whether his charged state crimes constituted felonies or misdemeanors under Alabama law. The district court, instead, stressed the "flat-out dangerous" nature of the conduct underlying Hunter's violations. The district court recognized the already-dangerous conditions inside Alabama's prisons and explained that -- by attempting to smuggle contraband into a prison -- Hunter acted to further endanger the safety of inmates and correctional officers. The district court observed that allowing inmates access to cell phones would facilitate ongoing criminal activity both inside and outside of the prison and could lead to possible prison violence. The district court observed that Hunter showed disdain for the law not only by violating the law himself while under the court's

supervision but also by assisting others in violating the law and prison rules.

The district court observed that the circumstances surrounding Hunter's conduct indicated that Hunter had conspired with inmates to smuggle the contraband. The district court noted that -- had Hunter been successful -- Hunter was likely to repeat the behavior.

In the light of the nature and circumstances of Hunter's supervised-release violations and of Hunter's history and characteristics, we accept that an above-guidelines sentence of 48 months' imprisonment could be reasonably thought to be necessary to provide adequate deterrence and to protect the public from future crimes.

Contrary to Hunter's assertion on appeal, the district court considered expressly evidence that Hunter had earned his OSHA certification and that Hunter was close to obtaining his commercial driver's license. The district court recognized that Hunter had "the ability to do differently" but "willfully ch[o]se not to." That the district court afforded more weight to Hunter's criminal history and underlying conduct than the court did to other mitigating factors is no abuse of discretion. *Cf. United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (quotation and alteration omitted)).

Viewing the record as a whole, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *See Trailer*, 827 F.3d at 936. The district court abused no discretion; we affirm Hunter's sentence.

AFFIRMED.